**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | NO. 1:06-CR-148 |
| | § | |
| **BRIAN ONEAL HOWARD** | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Defendant Brian Howard moves to suppress incriminating evidence obtained from him in a vehicle search. Howard was detained in a traffic stop after Officer Chad Ainsworth ("Ainsworth"), a Silsbee, Texas, city detective, noticed defendant's car traveling slowly in front of a closed movie theater that had recently been robbed, slowly passing the movie theater again, and then driving circuitously through the downtown area. The motion asserts that the incriminating evidence was obtained after the vehicle's occupant – the defendant – was detained illegally without probable cause or reasonable suspicion.

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Judge Hines concluded that the incriminating evidence was obtained as a result of a consensual search, and that there was no illegal detention when the consent to search was obtained.

Defendant objects to the magistrate judge's findings, conclusions and analysis. This requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

After conducting such review, the court concludes that the magistrate judge's findings, conclusions and analysis are correct. The only new argument is found in defendant's objection that the magistrate judge erred in finding that his circuitous, elusive and nebulous actions while driving his vehicle late at night on deserted city streets gave rise to reasonable suspicion of criminal activity. Defendant premises this argument on the fact that the observing officer was driving an unmarked car and not wearing an official police uniform while shadowing the defendant. He argues that fleeing from an unmarked patrol car is ambiguous or inconclusive conduct and does not provide a basis for reasonable suspicion. See Wong Sun v. United States, 371 U.S. 471, 482 (1963); United States v. Ortega-Serrano, 788 F.2d 299, 302 (5th Cir. 1986); United States v. Jones, 619 F.2d 494, 498 (5th Cir. 1980).

Without more, defendant's queer behavior while driving might be sufficiently ambiguous as to not warrant a finding of reasonable suspicion. See Ortega-Serrano, 788 F.2d at 302 (holding that evidence of flight from officers without uniforms in unmarked car has little significance when there is no other evidence of reasonable suspicion to stop defendant's car). Here, however, there was other evidence. Prior to any interaction with the defendant, the officer observed him twice passing slowly by a closed and recently-burgled movie theater, as though "casing" it. After driving in a manner designed to elude the unmarked police vehicle, the officer then ultimately observed defendant drive to a remote, high drug trafficking area, park the vehicle well away from any residence or natural

destination and walk away for no apparent reason . These combined facts were sufficient to give rise to a reasonable suspicion of criminal activity and authorized the officer to approach the defendant to investigate.

Defendant's consent to search his vehicle – where 11.1 grams of crack cocaine and a straight razor were discovered – was given almost immediately at a time before defendant had been physically restrained or threatened. The circumstances of the search do not indicate in any way that the consent was other than voluntary.

Accordingly, defendant's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. It is further

**ORDERED** that defendant's motion to suppress (Docket No. 27) is **DENIED**.

**SIGNED** this the **10** day of **October, 2007.**

_____
Thad Heartfield
United States District Judge